MEMORANDUM OPINION




No. 04-03-00128-CR



Ricky D. HAWKINS,


Appellant



v.


 

The STATE of Texas,


Appellee



From the 230th Judicial District Court, Harris County, Texas 


Trial Court No. 931752


Honorable Belinda Hill, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: December 17, 2003


AFFIRMED

 A jury found Ricky D. Hawkins ("Hawkins") guilty of aggravated robbery and assessed
punishment at five years confinement. In two issues, Hawkins challenges the legal and factual
sufficiency of the evidence. We overrule his assertions on appeal and affirm the judgment of the trial
court.

 Background

On July 20, 2002, seventy-one-year-old Joyce Fairchild ("Fairchild") was walking to the
grocery store after getting off a bus a few blocks away. Hawkins, who was the only other passenger
on the bus with Fairchild, also exited at the same location and followed Fairchild. Before reaching
the grocery store, Fairchild heard a loud noise behind her. Startled, she turned around and saw
Hawkins running towards her with his hands raised above his head. When he was within a few feet
of Fairchild, Hawkins lunged out at her, causing her to fall backwards onto the pavement. Hawkins
then reached into Fairchild's purse and took her bank card, driver's license, bus pass, and cash.

Louis Black ("Black") was working outside when he heard Fairchild screaming for help and
witnessed Hawkins fleeing from the scene. Black, along with his co-workers, pursued Hawkins in
his vehicle and eventually apprehended him. Later, Officer G.E. Michon ("Michon") arrived and
arrested Hawkins and returned with him to the scene so that Fairchild could make an identification
of her assailant. Fairchild positively identified Hawkins and described what was stolen. At the time
of his arrest, Hawkins was in possession of Fairchild's money and her other possessions were found
in close proximity to where he was apprehended.  

 Analysis

Hawkins contends that the evidence is legally and factually insufficient to establish that he
placed Fairchild in fear of imminent bodily injury or death as required by the Texas Penal Code. See
Tex. Penal Code Ann. §§ 29.02, 29.03(b) (Vernon 2003). Under section 29.02, a robbery is
committed if, in the course of committing theft and with intent to obtain or maintain control of the
property, a person intentionally, knowingly, or recklessly causes bodily injury to another or places
another in fear of imminent bodily injury or death. See Tex. Penal Code Ann. § 29.02 (Vernon
2003). Under section 29.03, if the person commits the offense against a person 65 years of age or
older, the offense is aggravated robbery, a first-degree felony. See Tex. Penal Code Ann. § 29.03
(b). 
 When reviewing the legal sufficiency of the evidence, we consider the evidence in the light
most favorable to the verdict and determine if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App. 1997). When conducting a factual sufficiency review, we examine all of the evidence in a
neutral light and determine if the proof of guilt is so obviously weak as to undermine confidence in
the verdict or is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).
 At trial, the State produced evidence that showed Hawkins had been identified as the person
who had robbed Fairchild. The State also offered the testimony of Fairchild who stated that she was
seventy-one on the day in question and that she was "scared to death" when Hawkins lunged out at
her with his hands in the air. She further testified that when she fell, the pain was so excruciating
that she initially thought she was having a heart attack. She received numerous abrasions as a result
of the fall. Additionally, on cross-examination, Hawkins admitted that lunging at a person with his
hands raised in the air would be considered threatening to an elderly person. 

After viewing the evidence in the light most favorable to the prosecution, we believe a
rational jury could have found that Hawkins placed Fairchild in imminent fear of bodily injury. The
jury evaluated the credibility of the witnesses, including the inconsistent testimony of Hawkins in
combination with his admission that he had been previously convicted of similar crimes. In making
their determination, the jury concluded that Hawkins had committed the essential elements required
for aggravated robbery beyond a reasonable doubt. See Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999). 

Hawkins' claim that the evidence is factually insufficient to support his conviction for
aggravated robbery is also without merit. In reviewing all of the evidence, we cannot say that the
evidence of guilt is so weak as to be clearly wrong and manifestly unjust or the adverse finding is
against the great weight and preponderance of the evidence. See Clewis v. State, 922 S.W.2d 126,
135 (Tex. Crim. App. 1996). 

 Conclusion

Accordingly, we overrule Hawkins' two issues on appeal and affirm the judgment of the
trial court.

 Phylis J. Speedlin, Justice


Do Not Publish